```
               FILED      LODGED
                       RECEIVED
            JUN 17 2016
         CLERK U.S. DISTRICT COURT
    WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY                                   DEPUTY
```

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HEATHER COUTURE,<br><br>                    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>                    Defendant. | Case No. 2:15-cv-01994-RBL<br><br>ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS |

THIS MATTER is before the Court on Plaintiff Couture's Complaint [Dkt. #3] for review of the Social Security Commissioner's denial of her applications for disability insurance and supplemental security income ("SSI") benefits.

Couture suffers from urinary incontinence, atypical lower extremity weakness of unclear etiology, obesity, gastritis, and lumbar degenerative disc disease. *See* Dkt. 6, Administrative Record ("AR") 20. She protectively filed applications for disability insurance and SSI benefits in March 2013, alleging she became disabled beginning in March 2012. *See* AR 18. Those applications were denied upon initial administrative review and on reconsideration. *See id.* A hearing was held before Administrative Law Judge Gordon W. Griggs in July 2014. *See id.* Couture appeared at the hearing, as did a vocational expert. *See id.*

The ALJ determined Couture to be not disabled. *See* AR 18-25. The Appeals Council denied Couture's request for review, making the ALJ's decision the final decision of the

ORDER - 1

Commissioner. *See* AR 1-7; 20 C.F.R. §§ 404.981, 416.1481. In December 2015, Couture filed a complaint in this Court seeking judicial review of the Commissioner's final decision. *See* Dkt. 3.

Couture argues that the Commissioner's decision to deny benefits should be reversed and remanded, because the ALJ erred: (1) in determining Couture's severe impairments; and (2) in evaluating the medical evidence in the record. The Commissioner argues that the ALJ committed no harmful error at those stages, so the ALJ's finding that Couture could perform past relevant work and is therefore not disabled was supported by substantial evidence and should be affirmed.

## I.   DISCUSSION

The Commisioner's determination that a claimant is not disabled must be upheld by the Court if the Commissioner applied the "proper legal standards" and if "substantial evidence in the record as a whole supports" that determination. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing *Brawner v. Sec'y of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence

ORDER - 2

admits of more than one rational interpretation," the Commissioner's decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)).[1]

A.  **The ALJ's Evaluation of Couture's Severe Impairments**

At step two, "the medical severity" of a claimant's impairments is considered. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant has no "severe medically determinable" impairment, then she will be found not disabled. *Id.* An impairment is "not severe" if it does not "significantly limit [the claimant's] mental or physical abilities to do basic work activities." 20 C.F.R. § 416.920(a); *see also* Social Security Ruling ("SSR") 96-3p, 1996 WL 374181 at *1. The claimant has the burden of proving that her "impairments or their symptoms affect her ability to perform basic work activities." *Edlund v. Massanari*, 253 F.3d 1152, 1159-60 (9th Cir. 2001); *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1998).

The step-two inquiry, however, is a *de minimis* screening device used to dispose of groundless claims. *See Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). Once step two is resolved in a claimant's favor, harmful error only occurs if the ALJ fails to properly analyze evidence of the non-severe impairments that shows work-related limitations beyond those assessed in the RFC. *See Hoopai v. Astrue*, 499 F.3d 1071, 1076 (9th Cir. 2007); *Molina v.*

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

*Sorenson*, 514 F.2d at 1119 n.10.

ORDER - 3

*Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (error is harmless where it is "inconsequential to the ultimate nondisability determination"). Plaintiff has the burden of establishing that an error resulted in actual harm. *See Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012).

The ALJ found Couture had several severe impairments at step two and continued with the sequential evaluation process. *See* AR 20. Still, Couture argues that the ALJ erred by failing to find vestibular disorder to be a severe impairment at step two. *See* Dkt. 8, pp. 2-5. The Commissioner concedes that the ALJ erred by failing to identify vestibular disorder as a severe impairment, but argues that the error was harmless because limitations from that impairment were still considered and included in the residual functional capacity ("RFC"), which limited Couture to sedentary work with additional postural restrictions. *See* Dkt. 9, pp. 4-6; AR 22.

In her briefing, Couture lists several symptoms and limitations allegedly stemming from her vestibular disorder of which she complained at the hearing and at appointments with physicians. *See* Dkt. 8, pp. 3-4. However, the ALJ found Couture's complaints not to be credible—a finding that goes unchallenged in the opening brief. *See* AR 23; *see also Kim v. Kang*, 154 F.3d 996, 1000 (9th Cir. 1998) (finding that matters on appeal not specifically and distinctly argued in opening brief ordinarily will not be considered). Couture then asserts that two physical therapists found that she had significant limitations in balance and gait. *See* Dkt. 8, pp. 4-5. However, the ALJ accommodated impaired balance and gait in the RFC, which limited Couture to sedentary work with only occasional balancing. *See* AR 22. The therapists did not specify any level of limitation that indicates the RFC is deficient. *See* AR 663, 668. Couture also notes that a physical therapist opined that she was severely disabled by vestibular symptoms. *See* Dkt. 8, pp. 4-5. However, "the ultimate determination" as to whether a claimant is disabled is an issue reserved to the Commissioner. 20 C.F.R. § 416.912(b)(7). Couture therefore fails to

ORDER - 4

establish any work-related limitations stemming from her vestibular disorder that were insufficiently analyzed by the ALJ.[2] Couture has not met her burden to show harmful error in the ALJ's assessment of Couture's impairments at step two and, as required, thereafter.

B.     The ALJ's Evaluation of the Medical Evidence in the Record

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." *Morgan v. Comm'r, Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." *Id.* at 603. In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *Reddick*, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.*

Couture argues that the ALJ erred by failing to consider the opinion of her treating physical therapist, Ashley N. Dennis, PT, DPT, NCS. *See* Dkt. 8, p. 5. However, any failure to consider Ms. Dennis's opinion was harmless. Ms. Dennis opined that Couture was "severely disabled by vestibular symptoms." AR 663. As discussed above, an ALJ is not bound by a

---

[2] In her reply brief, Couture argues that the ALJ's error at step two is harmful because the ALJ failed to evaluate the opinion of Larry G. Duckert, M.D., Ph.D., C.S.N. *See* Dkt. 10, pp. 4-6. Issues not specifically and distinctly argued in the opening brief ordinarily will not be considered by this Court. *See Kim*, 154 F.3d at 1000. Regardless, Couture only lists symptoms and diagnoses found by Dr. Duckert, again failing to identify any specific workplace limitations to which Dr. Duckert opined that the ALJ failed to include in the RFC. *See* Dkt. 10, pp. 2-6.

ORDER - 5

medical opinion on an ultimate issue of disability; that issue is reserved for the Commissioner. 20 C.F.R. § 416.912(b)(7); *see also Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989). Ms. Dennis also opined that Couture had significant limitations to her vestibulo-ocular reflex and her balance and gait. *See* AR 663. However, the ALJ accommodated such general limitations in the RFC, and Ms. Dennis did not opine as to any specific workplace limitations that could indicate the RFC is deficient. *See* AR 22. Therefore, Couture has not shown any harmful error in the ALJ's failure to discuss Ms. Dennis's opinion.

## II.   CONCLUSION

Based on the foregoing discussion, the Court hereby finds the ALJ properly concluded Couture was not disabled. Accordingly, the Commissioner's decision to deny benefits is AFFIRMED, and Couture's Complaint [Dkt. #3] is DISMISSED with prejudice.

DATED this 17th day of June, 2016.

Ronald B. Leighton
United States District Judge

ORDER - 6